25-768UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALLEN L. HURT,

                                Plaintiff,                9:25-CV-0768
                                                               (AJB/ML)
            v.

BROOME COUNTY JAIL, et al.,

                                Defendants.

---

APPEARANCES:                                                    OF COUNSEL:

ALLEN L. HURT
Plaintiff, pro se
352555A
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902-2047

ANTHONY J. BRINDISI
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

On June 16, 2025, pro se plaintiff Allen Hurt ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). The complaint asserted claims related to plaintiff's confinement Broome County Correctional Facility ("Broome County C.F."). *See generally* Compl.

By Decision and Order filed on July 25, 2025 (the "July 2025 Order"), the Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 4. On the basis of that

review, the Court dismissed plaintiff's complaint for failure to state a claim. *Id.* In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint. *Id*.

Presently before the Court is plaintiff's amended complaint. Dkt. No. 6 ("Am Compl.").

## II. SUFFICIENCY OF AMENDED COMPLAINT

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the July 2025 Order and will not be restated in this Decision and Order. *See* Dkt. No. 4 at 2-4.

### B. Summary of Amended Complaint

In the amended complaint, plaintiff identifies Broome County as a new defendant. The factual allegations and the claims for relief asserted in the amended complaint are substantially the same as those in the complaint. *Compare* Compl. *with* Am. Compl. Those allegations and claims were described at length in the July 2025 Order.

Construing the amended complaint liberally[1], plaintiff alleges First Amendment free exercise claims against Broome County C.F., Broome County, and defendant Sheriff Frederick J. Akshar, II ("Akshar"). *See generally* Am. Compl. Plaintiff seeks monetary damages. *See id*. at 6.

---

[1] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

### C. Analysis

The law related to § 1983 claims was discussed in the July 2025 Order and will not be restated herein. *See* Dkt. No. 4 and 5.

In the July 2025 Order, the Court dismissed the claims against Akshar reasoning, "the body of the complaint does not include any allegations of wrongdoing by defendant Akshar. Indeed, it is entirely unclear how and when, if at all, this official may have violated plaintiff's federal rights." Dkt. No. 4 at 6. The Court also dismissed the claims against Broome County C.F. because the facility "is an administrative arm of Broome County, without a legal identity separate and apart from the County, it lacks the capacity to be sued." *Id.* at 7. In light of plaintiff's pro se status, the Court considered whether the complaint stated constitutional claims against Broome County, the real party in interest. *Id.* at 7-8. In that regard, the Court discussed the law related to municipal liability and *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See id.*

The Court noted, "to successfully state a claim for *Monell* liability, a plaintiff must "make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policy making authority for the municipality." Dkt. No. 4 at 7. The Court stated:

> As an initial matter, it is entirely unclear from the allegations in the complaint (1) how and when plaintiff raised a concern with facility officials regarding the contents of the soap, (2) what response, if any, he received regarding his reported concern, or (3) whether non- pork-based soap is also available at the facility, including potentially for commissary purchase. In addition, the complaint does not include any allegations which plausibly suggest that plaintiff has been deprived of his ability to practice his religion in

3

> any other respect. Thus, the Court has no basis to plausibly infer from the allegations in the complaint that providing plaintiff with pork-based soap was a result of anything other than negligence, which cannot form the basis of a Section 1983 claim.

Dkt. No. 4 at 8. The Court further reasoned:

> The Court would add only that the complaint is also entirely devoid of allegations which plausibly suggest that any policymaking official was aware that Broome County Correctional Facility utilizes pork-based soap, and that this use may infringe of the religious rights of incarcerated individuals, and yet took no corrective steps to address the matter. In other words, the complaint does not include any allegations which plausibly suggest that any failure to provide plaintiff with non-pork-based soap is based on an unconstitutional Broome County policy or practice.

Dkt. No. 4 at 9.

The Court has reviewed the amended complaint and finds that plaintiff has failed to remedy the pleading deficiencies identified in the July 2025 Order. As a result, the Court finds that plaintiff has not alleged facts in the amended complaint which plausibly suggests that he is entitled to relief. As a result, and for the reasons set forth in the July 2025 Order, this action is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 6) is **DISMISSED without prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff by in accordance with the Local Rules of Practice.

Dated: September 12, 2025

Anthony J. Brindisi
U.S. District Judge